# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10468
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE SOTO-SILVA, also known as "Feo",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-216-2

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Soto-Silva pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. In calculating Soto-Silva's sentence, the district court imposed a two-level enhancement because Soto-Silva had possessed a dangerous weapon. *See* U.S.S.G. § 2D1.1(b)(1). The district court also imposed a two-level enhancement because Soto-Silva maintained premises for storing marijuana. *See* U.S.S.G. § 2D1.1(b)(12). Soto-Silva

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10468

objected to these enhancements.  The district court overruled the objections and imposed 240 months of imprisonment, a downward variance from the recommended guidelines sentence.

Soto-Silva argues that the § 2D1.1(b)(1) enhancement was erroneously applied because the Government failed to establish a temporal and spatial relationship between himself, a firearm, and the charged drug trafficking activity.  We review de novo the district court's legal interpretation of the Sentencing Guidelines.  *United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016).  The district court's determination that the § 2D1.1(b)(1) enhancement applies is a factual finding that we review for clear error.  *Id*.  The Guidelines provide for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during a drug trafficking offense.  § 2D1.1(b)(1).  The commentary to § 2D1.1 explains that this enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  § 2D1.1, comment. (n.11(A)).  Soto-Silva does not dispute the factual findings in the PSR that the pistol was found in his bedroom along with $12,466 in cash.  He also does not dispute that 19.36 kilograms of marijuana, drug scales, and other drug paraphernalia were found in another bedroom of the house. Soto-Silva has presented no evidence to show that "it is clearly improbable that the weapon was connected with the offense."  § 2D1.1, comment. (n.11(A)).  Accordingly, he has failed to show clear error with respect to application of the firearm enhancement.  *See Romans*, 823 F.3d at 317.

He also argues that the district court erred in applying an enhancement for maintaining a drug premises at 1230 Mars Drive.  The district court's "application of § 2D1.1(b)(12) is also a factual finding we review for clear error." *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). Section 2D1.1(b)(12) authorizes a two-level enhancement if the defendant "maintained a premises

No. 18-10468

for the purpose of manufacturing or distributing a controlled substance." The application notes for this Guideline explain that the enhancement "applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." § 2D1.1, comment. (n.17). Based on the undisputed evidence, the district court did not clearly err in applying the § 2D1.1(b)(12) enhancement because its conclusion that one of the primary uses of Soto-Silva's residence was for the distribution of drugs is plausible in light of the record as a whole.

AFFIRMED.